IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02495–PAB–KMT

HILDA M., a/k/a HILDY, FEUERBACH, as Personal Representative of the Estates of Parker W. Lofgren, deceased, and Caroline F. Lofgren, deceased,
JEAN RITTENOUR, as co-Personal Representative of the Estates of Owen P. Lofgren, deceased, and Sophie J. Lofgren, deceased,
FREDERICK J. FEUERBACH, JR., as co-Personal Representative of the Estates of Owen P. Lofgren, deceased, and Sophie J. Lofgren, deceased,
JEAN RITTENOUR, individually, and
FREDERICK J. FEUERBACK, JR., individually,

    Plaintiffs,

v.

MARLIN W. BROWN,
ROARING FORK PLUMBING AND HEATING COMPANY, a Colorado corporation,
BLACK DIAMOND LAND DEVELOPMENT CORPORATION, a Colorado corporation,
JONATHAN M. THOMAS,
INTEGRITY CONSTRUCTION MANAGEMENT GROUP, LLC, a/k/a ICM GROUP, LLC, a Colorado Limited Liability Company,
JOHN H. WHEELER,
EAGLE AIR SYSTEMS, INC., a Colorado corporation,
PROGUARD PROTECTION SERVICES, INC., a Colorado corporation,
HEAT TRANSFER PRODUCTS, INC., a Massachusetts corporation,
ERIK PELTONEN,
BRIAN PAWL,
PITKIN COUNTY COMMUNITY DEVELOPMENT DEPARTMENT, and
PITKIN COUNTY, COLORADO,

    Defendants.

**ORDER**

This matter is before the court on "Plaintiff's [sic] Motion to Amend Complaint" (Doc. No. 27, filed October 28, 2010), "Defendants Black Diamond Land Development Corporation and Jonathan M. Thomas's Second Motion for Extension of Time to Respond to Plaintiffs' Complaint" (Doc. No. 30, filed November 4, 2010), and "Plaintiffs' Supplemental and Now Unopposed Motion to Amend Complaint and Plaintiff's Unopposed Motion to Extend the Answer or Response Date Based in the Stipulation of the Parties" (Doc. No. 38, filed November 9, 2010).

Plaintiffs seek to amend their complaint to add additional defendants, to modify the premises liability allegations, to make minor factual modifications, and to amend the name of the governmental entity. (Doc. No. 27 at 4.) Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

The motion to amend is unopposed.  (*See* Doc. No. 38-1.)  The case is still in the early stages of litigation.  The court has not yet held a scheduling conference in this case or set a deadline for the parties to amend the pleadings.  The court finds no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is **ORDERED**

1. "Plaintiff's [sic] Motion to Amend Complaint" (Doc. No. 27) and "Plaintiffs' Supplemental and Now Unopposed Motion to Amend Complaint and Plaintiff's Unopposed Motion to Extend the Answer or Response Date Based in the Stipulation of the Parties" (Doc. No. 38) are **GRANTED**.  Plaintiffs shall file their Second Amended Complaint for Damages and Jury Demand no later than November 12, 2010.  All currently named defendants shall file their answers or otherwise respond to the Second Amended Complaint no later than December 20, 2010.  The newly-added defendants shall be served with the Second Amended Complaint pursuant to Fed. R. Civ. P. 4.

  2. "Defendants Black Diamond Land Development Corporation and Jonathan M. Thomas's Second Motion for Extension of Time to Respond to Plaintiffs' Complaint" (Doc. No. 30) is **DENIED** as moot.

 Dated this 10th day of November, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge