IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Philip A. Brimmer

Civil Action No. 10-cv-02495-PAB-KMT

HILDA M., a/k/a HILDY, FEUERBACH, as Personal Representative of the Estates of
Parker W. Lofgren, deceased, and Caroline F. Lofgren, deceased;
JEAN RITTENOUR and FREDERICK J. FEUERBACH, JR., as Co-Personal
Representatives of the Estates of Owen P. Lofgren, deceased, and Sophie J. Lofgren,
deceased;
JEAN RITTENOUR, individually; and
FREDERICK J. FEUERBACH, JR., individually,

       Plaintiffs,

v.

MARLIN W. BROWN;
ROARING FORK PLUMBING AND HEATING COMPANY, a Colorado corporation;
BLACK DIAMOND LAND DEVELOPMENT CORPORATION, a Colorado corporation;
JONATHAN M. THOMAS;
INTEGRITY CONSTRUCTION MANAGEMENT GROUP, LLC a/k/a ICM GROUP, LLC,
a
Colorado Limited Liability Company;
JOHN H. WHEELER;
EAGLE AIR SYSTEMS, INC., a Colorado corporation;
PROGUARD PROTECTION SERVICES, INC., a Colorado corporation;
HEAT TRANSFER PRODUCTS, INC., a Massachusetts corporation;
ERIK PELTONEN;
BRIAN PAWL;
PITKIN COUNTY COMMUNITY DEVELOPMENT DEPARTMENT; and
PITKIN COUNTY, COLORADO,

       Defendants.

**ORDER**

This matter is before the Court on the joint motion of plaintiffs and defendants Board of County Commissioners of Pitkin County, Colorado (on behalf of itself and its Community Development Department), Erik Peltonen, and Brian Pawl (collectively "the public defendants") to allow continued proceedings on the public defendants' motion to

dismiss notwithstanding the stay currently entered in this case [Docket No. 70]. On December 20, 2010, Magistrate Judge Kathleen M. Tafoya ordered that this case be stayed in its entirety, pending state criminal proceedings against defendants Marlin W. Brown, Peltonen and Pawl [Docket No. 67].

The Court treats plaintiffs and the public defendants' joint motion as an objection to a magistrate judge's resolution of a nondispositive matter and reviews it under Fed. R. Civ. P. 72(a). Plaintiffs and the public defendants have prepared a motion to dismiss the case pursuant to Fed. R. Civ. P. 12(b) and request that the Court allow them to move forward with briefing the motion and resolve it notwithstanding the stay. The magistrate judge stayed the case because compelling the defendants who have been criminally charged to file responsive pleadings and undergo discovery would contravene their Fifth Amendment rights. *See* Docket No. 67 at 4-9. Moreover, the magistrate judge reasoned that a stay as to only the criminally charged defendants would be insufficient because it would force the defendants not criminally charged to undergo discovery and defend themselves without being able to obtain information from these key parties. *See id.* at 9-10. The magistrate judge concluded that issuing a stay as to all the defendants would be more efficient than resolving whether a partial stay would result in prejudice to each of the many defendants. *See id.* at 10.

Plaintiffs and the public defendants, however, represent that no discovery is necessary in order to proceed on the public defendants' motion to dismiss. These parties argue that resolving the motion to dismiss while discovery is stayed will lead to a more efficient resolution of the case, as the public defendants seek qualified immunity and will therefore be entitled to another stay of the proceedings while the motion to

dismiss is adjudicated. Docket No. 70 at 2.  The Court agrees with this reasoning. Allowing the public defendants to file their motion to dismiss will not implicate the criminally charged defendants' Fifth Amendment rights, nor will it require the non-criminally charged defendants not filing the motion to proceed with limited sources of discovery.  It will, however, allow for a swifter resolution of this action.  Furthermore, plaintiffs and the public defendants are the only parties who will be required to file briefing related to the motion to dismiss, and as these parties agree the briefing should proceed, the Court can find no reason to stay this portion of the proceedings.

Accordingly it is

**ORDERED** that the Joint Motion to Allow Continued Proceedings on Public Defendants' rule 12(b)(6) Motion Notwithstanding Stay is GRANTED.  It is further

**ORDERED** that, on or before **January 10, 2011**, defendants Pitkin County, Colorado (on behalf of itself and its Community Development Department), Erik Peltonen, and Brian Pawl may file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Responses and replies shall be filed within the time limits set by D.C.COLO.LCivR 7.1C and D.C.COLO.LCivR 5.2E.

DATED January 7, 2011.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge